IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID PETKO, | : | |
| | : | |
| Petitioner | : | CIVIL ACTION |
| | : | |
| vs. | : | |
| | : | NO. 07-CV-3350 |
| GERRY KENT, et al., | : | |
| | : | |
| Respondents | : | |

**<u>ORDER</u>**

AND NOW, this 18th day of June, 2008, it is hereby ORDERED that, upon careful and independent consideration of the Petition for Writ of Habeas Corpus, and after review of the Report and Recommendation of United States Magistrate Judge L. Felipe Restrepo and petitioner's objections thereto:

1.      The Report and Recommendation of United States Magistrate Judge L. Felipe Restrepo is APPROVED and ADOPTED.

2.      The Petition for Writ of Habeas Corpus is DISMISSED, without prejudice, for failure to exhaust state remedies;[1]

---

[1] Petitioner's papers, including the habeas petition, subsequent filings, and his Objections to the Report and Recommendation (R&R), are difficult to decipher, although the Court has made every effort to view them broadly in light of petitioner's *pro se* status.  <u>Montgomery v. Brierley</u>, 414 F.2d 552, 555 (3d. Cir. 1969) (calling for liberal construction of *pro se* habeas petitions).  On June 9, 2008, petitioner filed eight pages of handwritten Objections to the Magistrate Judge's Report and Recommendation ("R&R").  The Objections basically restate the entire factual history of his habeas petition.  He also claims the errors in the R&R are so numerous that he objects to it in its entirety.  (Obj. at 1).

The Court cannot decipher any objection not already addressed by the R&R.  It appears that much of petitioner's Objections deal with a conviction and incarceration for stalking and violation of his probation, for which he currently has an appeal pending before the Pennsylvania Superior Court.  This Court cannot review a habeas petition until all the petitioner's state remedies are exhausted.  <u>See</u> <u>Banks v. Horn</u>, 126 F.3d 206, 213 (3d Cir. 1997) (habeas petition should be dismissed without prejudice, to allow petitioner to exhaust state court remedies).  Accordingly, this Court cannot review the merits of the petition with regard to the stalking conviction and violation of parole because petitioner still has an appeal pending in state court.

Further, this Court cannot address the merits of any of petitioner's objections with regard to his conviction for indirect criminal contempt.  It does not appear petitioner was "in custody" within the meaning of 28 U.S.C. §

      3.      A certificate of appealability shall not issue.


This case is closed for statistical purposes.


BY THE COURT:


*/s/ Thomas M. Golden*
THOMAS M. GOLDEN, J.

---

2254 when he filed the instant habeas petition. He was sentenced to six months probation on August 18, 2006, but did not file this habeas petition until August 2007, nearly six months after his probation expired. As the R&R suggests, a habeas petitioner is not "in custody" under a conviction when "the sentence imposed for that conviction has fully expired at the time the petition is filed." Maleng v. Cook, 490 U.S. 488, 490-91 (1989); Young v. Vaughn, 83 F.3d 72, 75 (3d Cir. 1996). Consequently, the Court lacks subject matter jurisdiction over petitioner's § 2254 claims attacking his indirect criminal contempt conviction. Piskanin v. Krysevig, No. 06-4615, 2007 WL 1030483, at *1-2 (E.D. Pa. April 2, 2007) ("since petitioner is not in custody pursuant to the sentence being challenged, his application for habeas relief must be denied").

      Petko further alleges to present "new reliable evidence" of constitutional violations as exhibits to his Objections. (Obj. at 2). The exhibits (several letters, his father's obituary, a record from the Pennsylvania Department of Corrections informing Petko that he had received his father's death certificate, a copy of Petko's confidential request for an investigation of Judge Hogan, court documents noting the charges and his sentence, and an order from the Superior Court directing him to file a docketing statement required by Pennsylvania law or face the dismissal of his appeal) add nothing material to the record, and show no constitutional violation or prejudice.